# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:                                                                                  BKY No. 21-50323
                                                                                                                    Chapter 11

Schuldner, LLC,

               Debtor.

## DEBTOR'S APPLICATION FOR RETENTION OF ATTORNEY

TO:     The Honorable William J. Fisher Judge of United States Bankruptcy Court, Office of United States Trustee, and all parties-in-interest.

COMES NOW, the debtor, Schuldner, LLC (the "debtor"), pursuant to 11 U.S.C. §327, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and applicable local rules, hereby applies to this honorable court as follows:

1. The debtor is serving as debtor-in-possession in the above-captioned bankruptcy case. This bankruptcy case was commenced by the filing of a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on July 6, 2021. This case is now pending before this honorable court. This court has jurisdiction over these proceedings pursuant to 28 U.S.C. §§157 and 1334. This Application arises under 11 U.S.C. §327 and applicable bankruptcy rules. This Application involves "core" proceedings within the meaning of 28 U.S.C. §158.

2. By this application, the debtor seeks authority to hire and retain Joseph W. Dicker, Esq., and Joseph W. Dicker, P.A., as its counsel pursuant to Section 327 of the United States Bankruptcy Code.

3. The debtor requires legal counsel and advice in order to discharge its oblations as debtor-in-possession.

4. Mr. Dicker has agreed to represent the debtor in these bankruptcy proceedings by advising the debtor with respect to its obligations as debtor-in-possession, preparing all schedules and pleadings necessary to meet the debtor's obligations, to represent the debtor in connection with negotiations of agreements, treatment under a Plan of Reorganization, preparation of the Plan and Disclosure Statement and revisions thereto, the review and analysis of all claims and to prosecute any claim objections, if appropriate, and otherwise to assist the debtor in the administration of the estate herein.

5. Mr. Dicker has agreed to charge the estate herein on an hourly basis at his usual and customary rate of $400 per hour together with reimbursement of costs and expenses incurred on behalf of the debtor during the course of his representation. Payment of all attorneys' fees, costs and expenses are, and shall be subject to the approval of the United States Bankruptcy Court pursuant to applicable provisions of the Bankruptcy Code and bankruptcy rules. The debtor understands and consents to the request by Mr. Dicker for interim payments of fees and costs prior to obtaining the approval of the United States Bankruptcy Court, so long as such arrangements are in accordance with applicable rules and authorized by the Court.

6. The debtor believes that Mr. Dicker is well-qualified and experienced in handling matters of these sorts; and that the foregoing fee arrangements are fair and reasonable under all of the circumstances. The debtor further believes that the Mr. Dicker neither holds nor represents any adverse interest to the interests of the debtor in the above reorganization proceedings, and that, pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, Mr.

Dicker does not have any connection with the debtor, other than he represented the debtor in the final stages of its previous chapter 11 case under BKY No. 18-43739, or any creditor of the debtor, or any other party-in-interest, or their respective attorneys and accountants, the United States Trustee or any person employed by the Office of the United States Trustee. Mr. Dicker is a disinterested person within the meaning of 11 U.S.C. §327(a).

7. Mr. Dicker has requested, and the debtor has paid a total amount of $6,000 as follows: $1,738 for the court filing fee well as a retainer fee of $4,262 to be held in trust pending the allowance and approval by the court of the payment of fees and expenses incurred herein. The debtor believes that this request is fair and reasonable under all of the circumstances.

8. The debtor acknowledges that Mr. Dicker is requesting that the court allow his fee applications to be heard at 60 or 90-day intervals on the regular hearing date, if a regular hearing date is established, and agrees to such treatment by the court.

FOR THE FOREGOING REASONS, the debtor respectfully applies to the United States Bankruptcy Court for the District of Minnesota for its order as follows:

1. Authorizing the debtor to retain Joseph W. Dicker, Esq. and Joseph W. Dicker, P.A. as his counsel in these Chapter 11 proceedings on the terms and conditions set forth herein; and

2. Such other and further relief as this court deems just and equitable under the circumstances.

Dated: 8/28/2021

Schuldner, LLC

By: *Carl Green*
Carl Green, Chief Manager

3

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:  BKY No. 21-50323
Chapter 11

Schuldner, LLC,

        Debtor.

## AFFIDAVIT OF JOSEPH W. DICKER

STATE OF MINNESOTA   )
                                 ) ss.
COUNTY OF HENNEPIN   )

Joseph W. Dicker, being first duly sworn upon oath, states and deposes as follows:

1. I am an attorney at law, duly licensed to practice before the state and federal courts located within the State of Minnesota, including the United States Bankruptcy Court, and maintain offices at 1406 West Lake Street, Suite 209, Minneapolis, Minnesota 55408. I make this Affidavit in support of the Debtor's pending Application for Retention of Counsel, in which Schuldner, LLC (the "debtor") seeks to engage me to serve as his counsel in these reorganization proceedings.

2. I have received, pre-petition, the court filing fee of $1,738 and a retainer fee of $4,262 for services to be rendered in connection with this case, and which is to be held in trust pending, and subject to, the approval and allowance by the court. The fee arrangements upon which I have agreed with the debtor are hourly billings at the rate of $400 plus costs and expenses incurred on behalf of the debtor. Post-petition, all fees and claims for reimbursement of expenses incurred

4

are subject to approval and allowance by the court.  These fees were paid to me by Mr. Carl Green, the debtor's principal owner and Chief Manager.

3. I also hereby request and the debtor has agreed to allow my fee applications to be heard at 60 or 90-day intervals on the regular hearing date, if a regular hearing date is established.

4. The undersigned neither holds nor represents any adverse interest to the interests of the debtor in the above reorganization proceedings.  Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, I state that I do not have any connection with the debtor, other than representing the debtor in the final stages of its previous chapter 11 case under BKY No. 18-43739, or any creditor of the debtor, or any other party-in-interest, or their respective attorneys and accountants, the United States Trustee or any person employed by the Office of the United States Trustee, except as disclosed herein.  Your Affiant is a disinterested person within the meaning of 11 U.S.C. §327(a).

5. Your Affiant has not made any agreement for the sharing of fees in connection with the proposed representation as set forth in the Application for Retention submitted herewith.

6. The undersigned has agreed to represent the debtor as counsel in connection with the above-captioned Chapter 11 reorganization proceedings.

7. It is your Affiant's understanding that upon approval of the retention proposed herein, your Affiant will appear as counsel for the above debtor.

**FURTHER YOUR AFFIANT SAYETH NOT.**

_____
Joseph W. Dicker

Subscribed and sworn to before me
this 24th day of August, 2021.

_____
Notary Public

Joyce L Tomlinson
Notary Public - Minnesota
My Commission Expires 01/31/24

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: BKY No. 21-50323
Chapter 11
Schuldner, LLC,

       Debtor.

**ORDER APPROVING RETENTION OF ATTORNEY**

AT:    Duluth, Minnesota.

This matter came on before the undersigned Judge of the United States Bankruptcy Court upon the Application for Order Authorizing Retention of Joseph W. Dicker, Esq. By this Application, the debtor seeks to retain Joseph W. Dicker, Esq. as counsel for the debtor in these Chapter 11 proceedings.

Based upon all of the facts, files and records herein, it is hereby ordered that:

1. The Court hereby approves the Application for Order for Retention of Attorney for the debtor in accordance with the terms and conditions therein.

2. Mr. Dicker is hereby allowed to have his fee applications heard at 60 or 90-day intervals on the regular hearing date, if a regular hearing date is established.

                                                        **BY THE COURT:**

Dated:_____              _____
                                               Judge of U.S. Bankruptcy Court