UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
RECEIVED
21 NOV 12 AM 9:55
BANKRUPTCY COURT
ST PAUL MN

In Re:  BKY No.: 21-50323
Chapter 11

Schuldner, LLC,

      Debtor.

---

NOTICE OF MOTION AND MOTION TO REINSTATE AND IN THE ALTERNATIVE DISMISS CHAPTER 11

---

To: The Court, Debtor- in- Possession, Subchapter v Plan Trustee, US Trustee, and Wilmington Trust

**PLEASE TAKE NOTICE** that on November 12, 2021, Carl Green filed the attached Motion for Entry of an Order Reinstating and in the alternative Dismissing the Chapter 11 case with the United States Bankruptcy Court for the District of Minnesota ("Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held on December 15, 2021, at 10:30 am before the Honorable Katherine Constatine per the United States Bankruptcy Court for the District of Minnesota 316 North Peter Street, 2nd floor courtroom 2, St. Paul, MN

**PLEASE TAKE FURTHER NOTICE** that any responses to the Motion must be in writing, filed timely with the clerk of the Bankruptcy Court, 316 North Robert Street, St. Paul, MN and served upon the undersigned.

Dated 11/12/2021

S/Carl Green
523 E 11th Street
Duluth, MN 55805
612-449-3455

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

RECEIVED
21 NOV 12 AM 9:55

BANKRUPTCY COURT
ST PAUL MN

In Re:   BKY No.: 21-50323
         Chapter 11

Schuldner, LLC,

      Debtor.

---

AMENDED NOTICE OF MOTION AND MOTION TO REMOVE AND REINSTATE OR IN THE ALTERNATIVE DISMISS CHAPTER 11 CASE FOR CAUSE

---

To: The Court, Debtor-in-Possession, Sub-V Plan Trustee, US Trustee, and Wilmington Trust

1. Pursuant to Section 1109(b) of the code, any party in interest may raise and appear and be heard on any issue in a case under Chapter 11.

2. Pursuant to Section 1185(b) on request of a party in interest and after notice and hearing the court may reinstate the debtor in possession.

3. Section 1112(b)(1) of the bankruptcy code provides that a party in interests may object to a bankruptcy filing and request dismissal of the case for "cause". Section 1112(b)(4) reads in relevant part as follows:

(A) Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. "Rehabilitation," as the term is used in 11 U.S.C. $ 1112(b)(4)(A), means "to put back in good condition: re-establish on a sound, firm basis." 5 COLLIER ON BANKRUPTCY $ 1112.03(2) (15th ed. 1980) (quoted in re L.S. Good & Co., 8 B.R. 315, 317 (Bankr. NN.D. W. Va 1980). The Debtor is

operating at a substantial loss, even before factoring in the debtor in possession fees, a management company or attorney to represent Schuldner, there is an apparent inability to pay such fees. The management company for two years has intentionally leased the properties only to a degree to cover their own expense in hopes of forcing a sale of the properties in support of the lender's breach of contract modifications, fraud on the debtor and Green and unjust enrichment on Green and the debtor and to prevent Green from refinancing the properties in a proper chapter 11 which is cause for removal, reinstatement, and dismissal. The debtor in possession is essentially collecting fees from the estate and not doing his main job which is cause for removal of debtor in-possession and subchapter v plan trustee, reinstatement, and in the alternative dismissal.

(B) Schuldner has no legal counsel to represent its interest. The debtor in possession has taken Greens retainer and his firm has been retained over Schuldner and taken the funds. It was Greens personal money given for legal counsel and not given to the Trustees firm. The trustee fails to do his job as the subchapter v trustee and debtor in possession. Clearly this is a cause for removal, reinstatement, and dismissal for gross miss management of the estate; failure to comply with an order of the court; failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court; and inability to effectuate substantial consummation of a confirmed plan. Green gave Joe Dicker answers to the questions requested by the trustee in a timely manner, retained a consultant to draft the plan which was not filed with his own funds and was in the hospital for two weeks with

Covid 19, that's not gross mismanagement by Green. Unlike a traditional Chapter 11, a trustee is appointed in every Subchapter v case. The Subchapter v trustee's duties in substantial part is too active facilitate the subchapter v debtors small business reorganization; and monitor the subchapter v debtors' consummation of the plan of reorganization. With the SBRA, Congress intended to streamline reorganization process. The Subchapter v trustee should have never taken and demanded the retainer as the debtor in possession under SBRA. See, **In re Penland Heating and Air Conditioning, Inc.** case no. 20-0175 (Bankry. E.D.N. Car). Essentially the trustee has retained his firm to act as attorney. The trustee sole intent appears to be to preform services outside the scope of the SBRA. The goal of the subchapter is to get a consensual plan and therefore removal of debtor in possession, subchapter v trustee, reinstatement and dismissal in the alternative is in order.

(C) Green seeks removal, reinstatement and in the alternative dismissal for the many causes sited above to enforce state law rights and remedies against the collateral assigned as an assignee of Schuldner, LLC. The Federal District Court has found standing to bring claims as an assignee. The Claims Green intends to bring are for breach of contract modifications, fraud, and unjust enrichment among others under New York law which has exclusive jurisdiction against Wilmington Trust. The New York Supreme Court, the appellate division has made very favorable rulings in contract modification law by email which require no other validation even to traditional written agreements which is in the best interest of the Schuldner estate among other laws. Wilmington Trust is not owed $2.5 million. The claim is disputed

based on the causes of action assigned and which the plan trustee simply ignores and agreed not to support for a replacement lien which is cause for removal of the debtor in possession and subchapter v trustee, reinstatement, and dismissal.

4. The forementioned list in relevant part has been found to be non-exclusive in other rulings. Applying the relevant statutory provisions Green has a sufficient stake, a pecuniary interest in Schuldner bankruptcy case to give standing to pursue this motion to remove, reinstatement and dismiss. Green is in a far different position than a general creditor of the estate who is otherwise a stranger to the debtor. Green is the sole member of Schuldner, LLC and has been assigned Schuldner, LLC claims.

5. It is in the best interest of the estate to purse its claims and remove, reinstate, and dismiss this bankruptcy as the debtor in possession that has been appointed there exists substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, and consummation of a plan among many other causes.

6. **Unless a response opposing the motion is timely filed, the Court may grant the motion without hearing.**

WHEREFORE the above reasons, many causes exist to remove, reinstate, and dismiss the Chapter 11 in the best interest of the Schuldner estate.

Dated 11/12/2021

S/Carl Green
523 E 11th Street
Duluth, MN 55805
612-449-3455

VERIFICATION

I, Carl Green, do hereby certify that the foregoing is true and correct to the best of my knowledge, information, and belief

November 12, 2021                                        S/Carl Green

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In Re:                                           BKY No.: 21-50323
                                                 Chapter 11
Schuldner, LLC,

       Debtor.

---

## PROPOSED ORDER

---

The above-entitled matter came before the court on the Motion to remove reinstate or in the alternative dismissal.

Based upon the Motion it is hereby ORDERED

The Motion to remove and reinstate or in the alternative dismiss is GRANTED.

 

_____
United States Bankruptcy Judge