UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:                                              Subchapter V
                                                    Chapter 11 case
SCHULDNER, LLC
                                                    BKY #21-50323
            Debtor.

UNITED STATES TRUSTEE'S OBJECTION TO MOTION
TO REINSTATE DEBTOR IN POSSESSION OR
TO DISMISS THE CASE

The Acting United States Trustee, through his undersigned attorney, files this response and objection to the motion by Carl Green seeking the reinstatement of Mr. Green as debtor in possession, or alternatively, the dismissal of the case. In furtherance of his position, the U.S. Trustee states as follows:

FACTS

1. The voluntary petition commencing this case was filed on July 6, 2021, and the case is now pending before the court. The debtor elected to be treated under Subchapter V of chapter 11 (11 U.S.C. §1181, *et. seq.*), and Steven B. Nosek was appointed as Subchapter V trustee. The debtor owns residential houses in Duluth, Minnesota, not all of which are presently being rented out to paying tenants.

2. Prior to the commencement of the case, the fifteen houses owned by the debtor in Duluth were under the control of Heirloom Property Management (Heirloom), a receiver put in place by the debtor's principal lender, Wilmington Trust OBO B2R Mtg Trust (Wilmington Trust).

3. Upon commencement of the case, the physical possession of the properties was turned over to the debtor in possession and its sole shareholder, Carl L. Green. Mr. Green is the movant now before the court.

4. On August 19, 2021, the U.S. Trustee brough a motion seeking, alternatively, the conversion of the case to chapter 7 or the removal of the debtor from possession pursuant to 11 U.S.C. §1185. See ECF #11. On September 17, 2021, the court ordered the removal of the debtor from possession and put the subchapter V trustee in control of all debtor's assets and business operations. See ECF #32.

5. The basis for the U.S. Trustee's motion included, *inter alia*, that the debtor, while under the control of Mr. Green, had abused the bankruptcy process and committed misfeasance and non-feasance in the operation of its properties. Further, that Mr. Green has a long history of abusing the bankruptcy process, both individually, and through entities he owns or controls, including the debtor. See ECF #11, ¶¶ 17-22. Mr. Green has had no fewer that 15 different forays into the bankruptcy court, and it is clear he has abused the protections that the bankruptcy code offers to honest but unfortunate debtors.

6. As part of its September 15, 2021, ruling that the debtor be removed from possession, the court found that Mr. Green engaged in gross mismanagement in the operation of the debtor and that he acted incompetently in his role as a fiduciary debtor in possession. That gross mismanagement and incompetence adversely affected creditors, including Wilmington Trust, which holds blanket mortgages on all the debtor's real estate. This court's prior determination that Mr. Green is incompetent and grossly mismanaged the debtor's assets is now the law of the case.

7. As a result of the removal of the debtor from possession, the subchapter V trustee, Steven B. Nosek, became the full trustee with all powers and responsibilities for the operation of the debtor's business, as provided for under 11 U.S.C. §1183(b)(5). Since Mr. Nosek took over, the debtor has hired a management firm to both manage the properties and to sell them. See ECF #48 and #49. The bankruptcy case is now moving forward in an appropriate and timely manner.

OBJECTIONS

8. A review of the motion now before the court reveals that Mr. Green seeks two alternative forms of relief. First, he seeks a dismissal of the case pursuant to 11 U.S.C. §1112(b)(4). Second, the motion asks for a removal of the trustee in possession, which can be characterized as a "reinstatement" of Mr. Green as controlling the debtor in possession, as provided for under 11 U.S.C. §1185(b).

9. Cause does not exist to dismiss the case under §1112(b)(4) at this time. On information and belief, if the court were to now dismiss the case, the subchapter V trustee would be removed from possession and Mr. Green, as sole shareholder, would resume control of the debtor and its assets. Such an outcome is contrary to the best interests of creditor and contrary to the prior findings of the court.

10. Three months ago, at the hearing on the U.S. Trustee's prior motion to remove Mr. Green from possession, or to alternatively dismiss the case or convert it to chapter 7, this court reviewed the pleadings, heard the arguments, and made a factual determination on what was in the best interests of all creditors and other parties. The court decided to remove Mr. Green and instead put the subchapter V trustee in full operational control of the debtor, while leaving the case in chapter 11. The court weighed the evidence, fully analyzed the situation, and came to

the best conclusion, based on the facts before it. Those facts have not changed in the three subsequent months since that decision. If Mr. Green disagreed with the outcome of that hearing and the court's decision, his remedy was to appeal the September 17, 2021, order removing him from possession. He did not do so.

11. In addition, the motion by Mr. Green does not allege any misfeasance or nonfeasance by the subchapter V trustee. In fact, there is none. The motion confusingly and randomly states that, with respect to Wilmington Trust, Mr. Green intends to bring claims for "breach of contract modifications, fraud, and unjust enrichment among others under New York Law . . . " (Green motion, ECF #51, p. 4 of 7). On information and belief, no such claim is now pending and it is not clear Mr. Green would even have standing to bring such a claim. Based on all of Mr. Green's allegations, the facts in the present motion simply do not rise to the level of cause for dismissal of the case.

12. With respect to the removal of the subchapter V trustee in possession and the "reinstatement' of the debtor in possession, as provided for under 11 U.S.C. §1185(b), the motion also fails to establish cause.

13. In his motion, Mr. Green also alleges that:

> "Schuldner has no legal counsel to represent its interest. The debtor in possession has taken Greens (sic) retainer and his firm has been retained over Schuldner and taken the funds. It was Greens (sic) personal money given for legal counsel and not given to the trustees (sic) firm."

See ECF #51, p.3 of 7, ¶(B).

14. However, in his September 7, 2021, unsworn declaration, Mr. Green stated that the funds paid to prior counsel for the debtor in possession came from Mr. Green's personal funds, but that he contributed them fully, freely and irrevocably to the debtor. See ECF #27, ¶3. As a result, the allegation in the motion that somehow there was a mishandling of funds by the

subchapter V trustee after he came into control of the debtor is wholly without merit. No other cause is stated to support the reinstatement of the debtor in possession and no such cause exists.

## Conclusion

14. Nothing in Mr. Green's pending motion establishes cause for the removal of the subchapter V trustee from possession and the reinstatement of the debtor in possession. Likewise, nothing establishes cause to now dismiss the case outright. The factual allegations in the motion are without merit and do not support the relief sought.

WHEREFORE, the United States Trustee submits this response in objection to the motion by Carl Green seeking to dismiss the subchapter V case or alternatively to remove the subchapter V trustee from possession and reinstate Mr. Green into control over the debtor in possession. There is no basis, either legally or factually to support the relief sought and accordingly, it must be denied in its entirety.

Dated: December 7, 2021

JAMES L. SNYDER
Acting United States Trustee
Region 12

By:     s/ Michael R. Fadlovich
MICHAEL R. FADLOVICH
Trial Attorney
MN Attorney I.D. No. 158410
United States Trustee's Office
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415
(612) 334-1356

## VERIFICATION

      I, Michael R. Fadlovich, attorney for the United States Trustee, the movant named in the foregoing motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief

December 7, 2021                          \_\_s/Michael R. Fadlovich_____
                                                    MICHAEL R. FADLOVICH
                                                      Trial Attorney

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | ) |
| | ) |
| SCHULDNER, LLC | ) Bankruptcy #21-50323 |
| | ) |
| Debtor. | ) Subchapter V |
| | ) Chapter 11 Bankruptcy Case |
| | ) |

O R D E R

The above-entitled subchapter V chapter 11 cases came before the court on the motion of Carl L. Green seeking an order either dismissing the case pursuant to 11 U.S.C. §1112(b)(4), or alternatively for the reinstatement of the debtor in possession, as provided for under 11 U.S.C. §1185(b). ECF #51. Michael Fadlovich appeared for the Acting U.S. Trustee. Other appearances, if any, were as noted in the record.

Based upon the motion, the objections filed by the U.S. Trustee, the findings of the court on the record, and all the files, records pleadings and proceedings herein, it is hereby ORDERED:

That the motion by Carl L. Green is denied.

_____
United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

In re:                                                          )
                                                                )
    SCHULDNER, LLC                          )    Bankruptcy #21-50323
                                                                )
        Debtor.          )    Chapter 11 Bankruptcy Case
                                                                )

    The undersigned hereby certifies under penalty of perjury that he is an employee in the Office of the United States Trustee for the District of Minnesota and is a person of such age and discretion as to be competent to serve papers. That on December 7, 2021, he caused to be served a copy of the attached: United States Trustee's Objections to Motion to dismiss case or to reinstate the debtor in possession, along with a verification, a proposed order, and certificate of service, by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States mail at Minneapolis, Minnesota.

    Carl L. Green
    523 E. 11th St.
    Duluth, MN  55805-1319

    Other creditors were served either via the court's CM/ECF case management system or the notice was served separately by the clerk of court as provided for in its separate certificate of service.

                                    **By:**   **e/Michael R. Fadlovich**
                                              Michael R. Fadlovich
                                              Trial Attorney
                                              MN Atty I.D. No. 158410
                                              U.S. Trustee's Office
                                              300 South Fourth St., #1015
                                              Minneapolis, MN  55415
                                              (612) 334-1356